ÍVíaRtijí, J.
delivered the opinion of the court. The petition states that the plaintiff was the owner, and in July last was in possession, of a certain plantation, and the defendant turned out and expelled therefrom his overseer, wherefore he prays tobe restored to and quieted in his possession and that the defendant may be enjoined from disturbing him. A provisional writ of sequestration was obtained by which the defendant was removed from the plantation.
The answer denies all the facts in the petition, and alledges that the plaintiff and defendant entered into a partnership, in which the former put his plantation, negroes, horses, &c. and the defendant his industry, and the profits were to be divided among them, in a certain proportion.
A number of witnesses deposed that the plaintiff and defendant agreed, that the latter should act as a gardner and overseer on the plantation *558 Former, and should be rewarded by a share J . in the profits—that the former being dissatisfied whh the conduct of the latter desired him to quit the place, and did put another overseer thereon, whom the defendant turned out.
The defendant introduced several witnesses, who proved him to be industrious and steady, testified to his conduct, and that the plaintiff wrongfully discharged him.
An instrument was prepared, in the form of •partnership ; but was never executed.
There was a verdict and judgment for the plaintiff and the defendant appealed.
The answer does not deny the plaintiff’s title to the plantation, since it admits it to be his plantation, which he put into partnership, or the use of it. Now, the plaintiff’s right thereto cannot be affected by any contract, except that of lease, which is not pretended to have existed, unless by a written act. Civ. Code, 310, art. 241.
The defendant, therefore, cannot claim any right to the plantation, under a parol agreement and no written one is produced. If he has been improperly turned out of his employment, in violation of the plaintiff’s engagement, he has his remedy ; but cannot be relieved in the present action : nor is this any reason why the plaintiff should be disturbed in the enjoyment of his es *559 tate. The judgment in this case, appears to us perlectly correct.
Seghers for the plaintiff, Livingston for the dt fendant.
It is therefore, ordered, adjudged and decreed, that it be affirmed with costs.